NOT DESIGNATED FOR PUBLICATION

No. 120,548

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

HENRY RIVERA-RODRIGUEZ,
*Appellant*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; AARON T. ROBERTS, judge. Opinion filed September 20, 2019. Affirmed.

Submitted for summary disposition under K.S.A. 2018 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

PER CURIAM: Henry Rivera-Rodriguez appeals the district court's decision revoking his probation and ordering him to serve a modified sentence. We granted Rivera-Rodriguez' motion for summary disposition under Kansas Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). The State has responded and asks that we affirm the district court's judgment.

On June 10, 2014, Rivera-Rodriguez pled guilty to one count of robbery. On August 15, 2014, the district court sentenced Rivera-Rodriguez to 34 months' imprisonment and placed him on probation for 36 months.

1

Rivera-Rodriguez was deported a few months after he was granted probation, but he reentered the country illegally. At a hearing on August 1, 2018, he stipulated to violating the conditions of his probation by failing to report and by failing "to remain crime free or law abiding" based on his unlawful reentry into the country. The State asked the district court to revoke the probation. Rivera-Rodriguez asked the district court to reinstate probation or at least to modify his sentence. The district court revoked Rivera-Rodriguez' probation but reduced his sentence to 24 months' imprisonment. He timely appealed.

On appeal, Rivera-Rodriguez claims the district court abused its discretion by refusing to reinstate his probation. He also asserts that a sentence modification would have been appropriate. He concedes that the district court can bypass sanctions when a defendant commits a new offense while on felony probation.

The procedure for revoking a defendant's probation is governed by K.S.A. 2018 Supp. 22-3716. Generally, once there has been evidence of a violation of the conditions of probation, the decision to revoke probation rests in the district court's sound discretion. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). An abuse of discretion occurs when judicial action is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). The party asserting the district court abused its discretion bears the burden of showing such an abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012). A district court abuses its discretion by committing an error of law in the application of K.S.A. 2018 Supp. 22-3716 when revoking a defendant's probation. See *State v. Still*, No. 112,928, 2015 WL 4588297, at *1 (Kan. App. 2015) (unpublished opinion).

Here, the district court found that it did not have to impose an intermediate sanction because Rivera-Rodriguez had failed to remain crime free while on probation based on his unlawful reentry into the country. See K.S.A. 2018 Supp. 22-3716(c)(8)(A).

Rivera-Rodriguez does not challenge the sufficiency of this finding on appeal. He asserts that the district court should have modified his sentence, but the record reflects that the court granted his request for a sentence modification and reduced the sentence from 34 months' imprisonment to 24 months' imprisonment. Rivera-Rodriguez makes no claim that the district court abused its discretion by not granting a greater sentence modification. The district court's decision to revoke Rivera-Rodriguez' probation was not arbitrary, fanciful, or unreasonable, and it was not based on an error of fact or law. Rivera-Rodriguez has failed to show that the district court abused its discretion by revoking his probation and ordering him to serve a modified prison sentence.

Affirmed.